[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: OBJECTION TO REQUEST FOR LEAVE TO FILE SUBSTITUTE COMPLAINT
The plaintiff, Lourdes Saez, instituted this suit by filing a one count complaint against the defendant, St. Mary's Hospital, on April 19, 1999, alleging that the plaintiff developed cancer CT Page 14916 as a direct result of the negligence of the defendant through its agents, servants and employees. The plaintiff alleged in the original complaint negligent behavior dating from December 5, 1991, through September 18, 1997. The plaintiff alleged that the "definitive and correct diagnosis of plaintiff's condition was not made until September 19, 1997 when a cold knife cone biopsy of the cervix revealed invasive squamous cell cancer of the cervix." (Plaintiff's Complaint ¶ 12).
On July 13, 1999, the plaintiff filed a request for leave to file a substituted complaint along with a two count substituted complaint. The first count names fifteen individuals as agents, servants, and employees of the defendant hospital but does not name the individuals as defendants or allege that the individuals are personally liable. The second count of the substituted complaint alleges negligence by the defendant hospital asserting that the persons who treated the plaintiff were the apparent agents of the defendant. On July 21, 1999, the defendant filed an objection to the request for leave to file a substitute complaint alleging that the plaintiff is setting up a new cause of action beyond the applicable statute of limitations.
The statute of limitation for the malpractice of a hospital is two years from the discovery of the injury as set forth in General Statutes § 52-584.[1] According to the facts plead in the complaint and the substituted complaint, the alleged date of discovery of the injury was September 19, 1997. The defendant concedes in the defendant's response to plaintiff's brief in opposition to objection to request to amend complaint that the statute of limitations would expire, at the latest, on September 19, 1999, two years after the date of discovery of the injury. The plaintiff requested leave to amend the complaint on July 13, 1999, well before the statute of limitations had expired. Thus, the plaintiff has not plead a new cause of action beyond the applicable statute of limitations, and the defendant's objection to the request to amend complaint is overruled.
By the Court
Gill, J.